UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ZACHARY DZIKI, | ) |
|         Plaintiff, | ) ) ) |
|         v. | ) No. 2:24-cv-00451-JRS-MG ) |
| FRANK BISIGNANO, Commissioner of Social Security,[1] | ) ) ) ) |
|         Defendant. | ) |

**Entry Reviewing the Commissioner's Decision**

**I.    Introduction**

Mr. D. appeals an Administrative Law Judge's ("ALJ") denial of his application for Supplemental Security Income benefits. The Appeals Council denied review, and this action comes before the Court under 42 U.S.C. § 405(g). For the reasons that follow, the ALJ's decision is reversed and remanded for further proceedings consistent with this decision.

**II.    Background**

Mr. D. was 23 years of age on the date he applied for supplemental security income. An ALJ held a hearing at which Mr. D. and a vocational expert testified. Both before and at the hearing, Mr. D's counsel requested that a medical expert be consulted on the issue of medical equivalence. These requests were denied.

---

[1] Frank Bisignano is now the Commissioner of the Social Security Administration and is automatically substituted as the defendant in this action. Fed. R. Civ. P. 25(d). The Clerk **shall update** the docket.

After the hearing, the ALJ issued a decision applying the familiar five-step sequential analysis in 20 C.F.R. § 416.920(a) and deciding that Mr. D. was not under a disability within the meaning of the Social Security Act. At step one the ALJ determined that Mr. D. had not engaged in substantial gainful activity since his application date. (R. 19, ECF No. 9-2.) At step two the ALJ determined that Mr. D. has these severe impairments: "homonymous hemianopsia[2] due to cerebrovascular accident, history of arteriovenous malformation, partial optic atrophy[3] of the left eye, epilepsy, left parietal resection, and mild cognitive disorder." (*Id.*) These limitations, the ALJ found, "significantly limit [Mr. D.'s] ability to perform basic work activities." (*Id.*) At step three, the ALJ concluded that Mr. D.'s impairments did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1, that are presumptively disabling. *See* 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (R. 20, ECF No. 9-2.)

The ALJ then assessed Mr. D.'s residual functional capacity, which is his capacity to work despite his impairments. She determined that he could

> perform a full range of work at all exertional levels but with the following nonexertional limitations: never climb ladders, ropes, or scaffolds; occasionally balance and climb ramps and stairs; no exposure to open flames or large bodies of water; avoid exposure to vibrations; avoid all use of hazardous moving machinery and exposure to unprotected heights; no job that requires driving or operating a motorized vehicle to perform functions of the job; no teamwork; no work

---

[2] "Homonymous hemianopsia . . . is a visual field deficit affecting corresponding halves of both eyes, often resulting from cerebrovascular injury or tumor." https://www.ncbi.nlm.nih.gov/books/NBK558929 (last visited Sept. 9, 2025).

[3] "Optic atrophy refers to damage to [the] optic nerve, which carries impulses from [the] eye to [the] brain" with symptoms such as blurred vision, difficulties with peripheral vision, and difficulties with color vision. https://my.clevelandclinic.org/health/diseases/12326-optic-atrophy (last visited Sept. 9, 2025).

> requiring a specific production rate such as assembly line work or work that requires hourly quotas; and no more than occasional routine workplace changes.

(R. 22–23, ECF No. 9-2.) At step four, the ALJ found Mr. D. has no past relevant work. (*Id.* at 27.) And at step five, the ALJ concluded that there were jobs such as hospital cleaner, industrial cleaner, and dining room attendant, that Mr. D. could perform. (*Id.* at 28.)

### III.   Analysis

An ALJ's decision will be affirmed "if its conclusions are supported by substantial evidence." *Moy v. Bisignano*, 142 F.4th 546, 552 (7th Cir. 2025). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). Courts "do not reweigh evidence," but "conduct a critical review because a decision 'cannot stand if it lacks evidentiary support or an adequate discussion of the issues.'" *Id.* (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Even under this deferential standard, "an ALJ must build an accurate and logical bridge from the evidence to [her] conclusion." *Id.* (quoting *Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000)).

Mr. D. argues that the ALJ erred in evaluating Mr. D.'s visual impairment and failing to consult a medical expert, necessitating remand. The Court agrees.

The ALJ evaluated Mr. D.'s visual impairment under Listing 2.02 (Loss of visual acuity), Listing 2.03 (Contraction of the visual field), and Listing 2.04 (Loss of visual efficiency, or visual impairment), and concluded that the Listings were not met or

medically equaled. (R. 20, ECF No. 9-2.) The ALJ reasoned that the record had no objective medical evidence "to meet or medically equal the criteria of any listed impairment" and that "no acceptable medical source . . . has concluded that the severity of the claimants impairments medically equal a listed impairment." (*Id.* at 21.) The state agency consultants, upon whom the ALJ relied, had reviewed Mr. D.'s neuro-opthalmology exams and "did not conclude that the severity of Mr. D.'s impairments, including his visual impairment meets or medically equals any listed impairment, including 2.04." (*Id.*)

But the Court is unable to discern if the state agency consultants ever considered whether Mr. D.'s visual impairment equals Listing 2.02, 2.03, or 2.04. Although the consultants noted Mr. D. claimed a visual impairment, their reports reflect consideration of Mr. D.'s impairments only under the Neurological disorders listing for Epilepsy, Listing 11.02, and Neurocognitive disorders, Listing 12.02. (R. 70–71, 79, ECF No. 9-3.) The ALJ could not have relied on the state agency consultants' opinions on medical equivalence if the consultants did not consider Listings 2.02, 2.03, and 2.04. *See, e.g., Jennifer C. v. King*, No. 3:23-cv-50347, 2025 WL 296053, at *5 (N.D. Ill. Jan. 24, 2025) (reversing and remanding where ALJ's equivalency finding as to Listing 11.02 was based on state agency physicians' opinions on medical equivalence but they only considered listings other than Listing 11.02); *Ezell A. v. Kijakazi*, No. 1:20-cv-1993, 2021 WL 4304650, at *4 (S.D. Ind. Sept. 22, 2021) (concluding "that Disability Determination and Transmittal forms that do not address the listings cannot be relied upon as a medical opinion on the issue of

4

equivalence" and reversing and remanding ALJ's decision). There is no other medical opinion on medical equivalence in the record. And the ALJ did not cite any other evidence or provide any further explanation to support the conclusion that Mr. D.'s visual impairment does not medically equal any listed impairment, including Listings 2.02, 2.03, and 2.04. (*See* R. 21, ECF No. 9-2.)

Therefore, the Court finds that the ALJ's evaluation of Mr. D's visual impairment for equivalence under Listings 2.02, 2.03, and 2.04 is not supported by substantial evidence and adequate explanation. Given the lack of opinion evidence on the medical equivalence issue, the ALJ should consult a medical expert to opine on whether Mr. D's visual impairment medically equals Listing 2.02, 2.03, or 2.04. *See Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) ("A finding of medical equivalence requires an expert's opinion on the issue.").

## Conclusion

The ALJ's decision is reversed and remanded to the Social Security Administration under 42 U.S.C. § 405(g) (sentence four) for further proceedings consistent with this order. Final judgment will issue accordingly.

**SO ORDERED.**

Date: 9/10/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.